**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Sheldon BRYANT, Defendant–Appellant.**

No. 05–1497.

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 11, 2005.

Decided Aug. 17, 2005.

Amanda A. Robertson, Office of the United States Attorney, Benton, IL, for Plaintiff–Appellee.

Sheldon Bryant, Forrest City, AR, pro se.

John D. Stobbs, II, Alton, IL, for Defendant–Appellant.

Before FAIRCHILD, EASTERBROOK, and SYKES, Circuit Judges.

**Order**

Sheldon Bryant pleaded guilty to drug offenses and was sentenced to 132 months' imprisonment. Sentence was imposed after *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), so the district judge was aware that the Sentencing Guidelines are advisory, and the procedure developed in *United States v. Paladino*, 401 F.3d 471, 481–85 (7th Cir. 2005), for pre-*Booker* sentences is inapplicable. But the Guidelines remain the starting point, see *United States v. Mykytiuk*, 15 F.3d 606 (7th Cir.2005); *United States v. Dean*, 414 F.3d 725 (7th Cir. 2005), and Bryant contends that the district judge misunderstood their application.

Bryant's lawyer has filed an *Anders* brief, representing that he cannot identify a non-frivolous appellate issue. See *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Yet Bryant has himself spotted a non-frivolous issue, which his lawyer does not discuss.

When calculating criminal history, the district judge assigned one point for Bryant's 1994 conviction for possession of a firearm. At sentencing, Bryant protested that this was a juvenile adjudication; the judge replied that the sentence had been pronounced by an adult court and stated that it therefore did not matter whether Bryant was under 18 at the time

of the offense. Yet U.S.S.G. § 4A1.2(d)(1), which the judge did not mention, provides that a crime committed before the age of 18 counts toward criminal history only if the sentence exceeds 13 months' imprisonment, or less than five years intervened between the end of the juvenile sentence and the crime for which the defendant is being sentenced in federal court.

It does not appear to us that either of these conditions is satisfied—Bryant's sentence on the 1994 conviction was conditional discharge (a form of probation), and his federal crime (and its relevant conduct) occurred more than five years later. If this is so, then it matters whether Bryant was under 18 at the time he committed the state weapons offense, a question that the district judge did not resolve. If the state offense counts, Bryant's Guidelines range is 121 to 151 months; otherwise the range is 108 to 135 months. Although the actual sentence of 132 months is in both ranges, the district judge did not state that he would have imposed the same sentence whether or not Bryant received the extra criminal-history point.

Counsel's *Anders* submission ignores this subject, just as counsel ignored § 4A1.2(d)(1) in the district court. Counsel has devoted his attention to the relation between the 1994 conviction and availability of a "safety valve" sentence under 18 U.S.C. § 3553(f). The *Anders* brief concludes that the appeal is frivolous because other events (Bryant's possession of a weapon in connection with the federal drug offense, and his failure to furnish the federal prosecutor with evidence against his confederates) preclude a safety-valve reduction whether or not the 1994 conviction is an adult penalty. Fixation on the safety-valve issue has obscured the effect of the 1994 conviction on the criminal-history score and sentencing range. Because neither counsel nor Bryant mentioned § 4A1.2(d)(1) in the district court, appellate review would be limited to plain error. But it would be inappropriate to say that a contention that plain error has occurred is frivolous.

Accordingly, we deny counsel's motion to withdraw and direct him to file a brief on the merits, including the subjects we have identified and any other contention that counsel deems appropriate.